## Martz's License.    Appeal of Joseph F. Martz.

*Liquor law—Place of amusement—Description of place—Part of building—Discretion of court.*

If a building contains a place of amusement within the meaning of the Act of 1881, P. L. 162, the premises as a whole cannot be licensed; and while the mere fact that there is a place of amusement in the building does not necessarily make the whole building a place of amusement within the meaning of the act, nor make it unlawful to grant a license for the sale of liquor in a certain part thereof if there be no communication of any kind between the two places and no possible way of going from one to the other without going into the public highway, it still remains within the sound discretion of the license court to grant or refuse the license and the exercise of such discretion will not be reviewed by the appellate court.

The refusal of the license would seem to be a wise exercise of discretion where the description of the place for which the license is applied for more aptly describes the whole building than it does any particular part of it.

Submitted Dec. 6, 1899.    Appeal, No. 181, Oct. T., 1899, by Joseph F. Martz, from decree of Q. S. Lehigh Co., April Sess., 1899, refusing a retail liquor license.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.    Opinion by RICE, P. J.

Application for a retail liquor license.    Before ALBRIGHT, P. J.

The application set out that petitioner desired a license for premises northeast corner Sixth and Court streets, fifth ward in the city of Allentown, Lehigh county, Pennsylvania.

The court below filed the following opinion:

The place asked to be licensed is a room on the first floor of the Central Market Company building at the northeast corner of Sixth and Court streets in the city of Allentown, and is twenty-nine feet wide and seventy-three feet in depth.

The Central Market Company is a Pennsylvania corporation and the applicant is a stockholder therein.

The entire building is about seventy feet front on Sixth street and about two hundred feet in depth, three stories high in front and two stories in the rear, and cost about $75,000 with the ground.    The first floor rear is used as a market house; there

522 MARTZ'S LICENSE.

Opinion of Court below—Assignment of Errors. [12 Pa. Superior Ct.

is a solid partition between this room and the room sought to be licensed. The second floor front are office rooms; the second floor rear contains a large hall sixty-eight feet wide and one hundred feet long or deep, capable of seating about 1,400 persons comfortably at a banquet; at one end is a stage the width of the room, no stage equipments, the audience will be seated on movable chairs, is rented by the market company to three military companies as a drill room, to lectures, concerts, banquets, dancing parties, and kindred entertainments; the market company furnishes no entertainments or amusements. The entrance to this hall is by a wide stairway from Sixth street, and has no door or connection entrance of any kind to the room sought to be licensed, and has nothing in common except that it is in the same building. The third floor is occupied by three companies of the National Guards; it is the only place in the city of Allentown sufficiently large to accommodate banquets when the number exceed three hundred. One of the reasons for license is the requirements of the public for proper facility to cater to banqueting parties, etc.

April 22, 1899, the foregoing statement, presented by petitioner's counsel is found to be facts; also that the statements of fact in the petition are true; the draft, exhibit "A," this day filed is a correct representation of the ground floor; the large hall above described is a place of amusement within the meaning of the act of 1881.

[April 22, 1899, upon the foregoing facts the license is refused on the sole ground that a licensing of said place is prohibited by law; the petitioner is one of the proprietors, that is, a part owner of the place; the court adopts the legal reasons set forth in the opinion of Judge WILLSON in refusing a license in American Academy of Music, 45 Leg. Int. 134. (The foregoing facts are stated to enable the petitioner to have the question of law involved reviewed by the Superior Court.)] [9]

Joseph F. Martz appealed.

*Errors assigned* were (1) in holding that the hall on the second floor of the Central Market Company building was a place of amusement, within the act of 1881. (2) In holding that the petitioner was one of the proprietors · of the Central Market Company building and hall. (3) In holding that the license

asked for was prohibited by law.   (4) In holding that the place for which the license was asked for included both the hall and the room specified on the ground floor.   (5) In adopting as the reasons for its decision those set forth by Judge WILLSON in refusing a license for the Philadelphia Academy of Music. (6) In holding that the case at bar was governed by the principles laid down by Judge WILLSON in the opinion mentioned. (7) In holding that the circumstances of the case at bar made it analogous to the case of the Academy of Music.   (8) In refusing to grant the license prayed for.   (9) In making the order and decree of April 22, 1899, reciting same.

*James B. Deshler*, for appellant.—1. The court below erred in holding that the appellant and applicant below was one of the "proprietors" of the place for which the license was asked, because he was only a stockholder in the corporation that owned it.

Now, a corporation has a legal entity separate and distinct from that of its stockholders.   It can act only by its directors and not by the stockholders: Dana v. Bank of U. S., 5 W. & S. 223.

Stockholders are, therefore, in no sense "proprietors" of the corporate property.   They have no individual interest therein. The appellant cannot therefore be considered as a "proprietor" of a place of amusement within the meaning of the act of 1881.

2. The appellant is not the lessee of a place of amusement within the meaning of the act of 1881, because his lease extends to but one room in the building of the Central Market Company, and that room is not used as a place of amusement.   He is, therefore, clearly not within the act, and the dictum of Judge WILLSON, of the court of quarter sessions of Philadelphia in American Academy of Music's License, 45 Leg. Int. 134.

3. If it be assumed that the appellant may be considered as a "proprietor" or "lessee" within the meaning of the act of 1881, the learned court below was in error in refusing to grant the license prayed for, because the hall of the Central Market Company building is not a "place of amusement" within the meaning of the act: Bucher v. Com., 103 Pa. 528.

4. The learned court below erred in refusing to grant the license prayed for, because the room for which the license was asked, having no communication with the hall, was not within

the prohibition of the statute, even on the assumption that the hall itself was a place of amusement within the statute.

This is clearly pointed out in the opinion of Judge THAYER, in In re Hastings, 15 Phila. 420.

It follows naturally, therefore, that a license for a single room in a building, rented apart from the rest of the building, applies to that room only, and that that room only is the house which the statute contemplates.

The practical construction of the act of 1881 has been in accordance with the principles above laid down.   The opera house at Easton has a licensed restaurant in the basement of the building, and licensed saloons are to be found in many of the opera houses in the cities throughout the state, they being, of course, without any direct communication with the auditorium of the building, just as in the case at bar.

The cases of American Academy of Music, 45 Leg. Int. 134, and Gabel's License (1884), 3 Kulp (Pa.), 204.

No appearance for appellee.


OPINION BY RICE, P. J., February 16, 1900:

The Act of May 13, 1887, P. L. 108, requires every applicant for a retail liquor license to set forth in his petition "the particular place for which a license is desired."   In the appellant's petition this was described as "the premises at the northeast corner of Sixth and Court streets," etc.   The premises at the corner mentioned consist of a building owned by a corporation of which the appellant is a stockholder.   On the second floor of this building is a large hall, which, according to the distinct finding of the court below, "is a place of amusement within the meaning of the Act of 1881," P. L. 162.   Whether or not this finding was correct depends upon the evidence given on the hearing, and as the evidence is not part of the record and could not be brought on the record, the decision of that question is not reviewable on appeal.   We have not overlooked the preceding findings of fact, but these are not sufficiently definite to impair the effect of the general conclusion above stated.

But, it is argued, assuming that the hall is a place of amusement within the meaning of the act, this did not constitute an

insuperable legal objection to licensing the petitioner to conduct the retail liquor business in another room of the building which has no "passage or communication to or with," the place of amusement, and the court committed error of law in so holding. We agree with the appellant's counsel that the fact that an applicant for a license is the proprietor or part proprietor of a place of amusement wholly apart from and having no connection with the place to be licensed is not, of itself, a legal reason for refusing his application. The prohibition of the act is directed against the licensing of the places described rather than against the owners, etc., as a distinct class of citizens not to be licensed under any circumstances. It was intended to prohibit the sale of liquors in any " theater, circus, museum or other place of amusement," or in any house or place " which has passage or communication to or with" the same. We also agree with counsel that the mere fact that there is a place of amusement in a building does not necessarily make the whole building a place of amusement within the meaning of the act, nor make it unlawful, per se, to grant a license for the sale of liquors in any part of the building if there be no communication of any kind between the two places and no possible way of going from one to the other without going into the public highway. We are speaking now of what is lawful for the court to do in the disposition of an application for license to sell liquors in such a place. Whether or not in view of all the circumstances disclosed in this particular case it would be the exercise of a sound discretion to grant the application, even though it might not be absolutely prohibited by the act of 1881, is an entirely different question, and we shall not invade the province of the quarter sessions by expressing an opinion upon it. But granting that the court was not prohibited by the act of 1881 from granting a license for a particular room in the building, what is there in the petition clearly to show that the business was to be restricted to that place? Nothing. The description of the place for which license was desired more aptly describes the whole building than it does any particular part of it. If the license had been granted as prayed for no one would be able to say with certainty that it was a license to sell liquors in the lower northeast corner room of the premises at the northeast corner of Sixth and Court streets and in no other part of those

premises. The privileges granted by such license would have to be ascertained from the record and the certificate or license issued to the applicant, not from his oral declaration as to his intention made on the hearing. If the building contains a place of amusement within the meaning of the act of 1881, the premises as a whole could not be licensed.

We find no irregularity in the record proper. Nor, if we look into the statement of facts filed two days after the order was entered do we find that there was error of law or abuse of discretion in refusing a license for the particular place described in the petition.

The order is affirmed, and the appeal dismissed at the costs of the appellant.